798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The SHORT-TERM DISABILITY BENEFIT PLAN FOR EMPLOYEES OF
McCORMICK & COMPANY, INCORPORATED and The
Long-Term Disability Benefit Plan for
Employees of McCormick &
Company,
Incorporated, Appellees,
v.
Constance Y. JORDAN, Appellant.
 No. 85-2203.
 United States Court of Appeals, Fourth Circuit.
 Argued May 6, 1986.
Decided Aug. 26, 1986.
 
 Sidney Blum, for appellant.
 Stephen J. Immelt (H. Mark Stichel; Piper & Marbury on brief), for appellees.
 D.Md.
 AFFIRMED AND MODIFIED.
 Before WINTER, Chief Judge, and RUSSELL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs, two incorporated employee benefit plans for employees of McCormick & company, Inc. (the Plans), sued Constance Jordan, a McCormick employee, alleging that they had paid her disability benefits because of her inability to work, that thereafter she had received workmen's compensation benefits for the same disability, that by the terms of the benefit plans to which she had subscribed she was required to reimburse the Plans to the extent that she received duplicating payments, and that despite demand therefor she had failed and refused to make such reimbursement. The district court gave summary judgment to the Plans for the full amount of workmen's compensation benefits received by jordan, and she appeals.
 
 
 2
 We affirm but require a reduction in the amount of the judgment.
 
 
 3
 In agreement with the district court and for the reasons fully explicated by it, we hold that jordan is liable to reimburse the Plans for payments made by them subsequently duplicated by workmen's compensation benefits. See The Short-Term Disa bility Benefit plan for Employees of McCormick & Company, Inc., et al. v. Jordan, D. Md., Civ. No. HAR 85-2587 (October 3, 1985) (unpublished). However, we think that under the facts of this case, the Plans' recovery should be reduced by counsel fees in curred in enforcing her entitlement to workmen's compensation benefits.
 
 
 4
 Jordan was disabled from working for the periods February 1 to June 1, 1980, and June 9, 1980 to January 18, 1982. She filed a claim for workmen's compensation benefits on August 17, 1981, but her claim was contested. It was not until August 15, 1984, after she had been paid all benefits due her from the Plans and after an earlier adverse decision which was reversed by a state trial court, that the Maryland Workmen's Compensation Commission finally awarded her benefits.
 
 
 5
 It appears to us that the Plans are receiving the benefit of Jordan's tenacity in asserting her rights under the workmen's compensation law. It is highly unlikely, especially when she did not initially prevail administratively, that she would have recovered without the services of counsel. Counsel fees were thus a necessary expense not only to recovery by Jordan but also re covery by the plans. Whether under principles of unjust enrichment or principles of subrogation we do not think that jordan should be required to bear the burden of this necessary expense. In affirming the judgment of liability, we therefore direct that the district court reduce the amount of the judgment by the amount of counsel fees Jordan was required to expend to enforce her right to workmen's compensation benefits.
 
 
 6
 In this appeal, each party shall bear its own costs.
 
 
 7
 AFFIRMED AND MODIFIED.